### WILLIAMS v. MILLER AND JOYCE.

The sheriff takes a bond to secure against the default of his deputy, in the execution of the office of deputy sheriff; such bond will not hold to secure against any default of the deputy, upon continuance in office after the time expires for which he was deputed at the date of the bond.

THIS was an action of debt on bond. The defendant having oyer, set forth the following condition, viz.—" The condition of the above obligation is such; that whereas the said Ezekiel Williams, Esq. sheriff, as aforesaid, hath now deputed the said William Joyce, to serve as deputy sheriff throughout the county of Hartford, and to execute all lawful writs, etc. Now if the said William Joyce shall faithfully perform said office, and duly execute all lawful writs according to law, and ever save harmless and indemnify said sheriff, his heirs, etc. from all cost or damages whatever, that shall or may arise by means of his being deputed as aforesaid, then this obligation to be void, etc. Dated the 25th day of August, 1784."

The defendants then pleaded — That the deputation in said condition referred to, was a deputation for six months,

from the 24th day of said August, and no longer; which was in these words:—" I do hereby depute and fully empower Mr. William Joyce, of Middletown, duly to serve and return all lawful writs, in and throughout the county of Hartford, as the law directs, for the space of six months from this date. Given under my hand and office, in Hartford, this 24th day of August, A. D. 1781. Ezekiel Williams, sheriff of Hartford county."—And that said Williams hath not been put to any cost, or been at all damnified, by or on account of his having deputed the said Joyce, as aforesaid.

The plaintiff replied — That true, he had given the said Joyce a deputation, as recited in the defendant's plea, as a mere private power, and antecedent to the date of the bond on which, etc. yet long before, the defendants applied to the plaintiff, and requested him to empower said Joyce as his deputy at large, and unlimitedly within the county of Hartford; and to induce the plaintiff thereto, said Miller, in writing, requested the plaintiff, by said Joyce, in these words:—" Middletown, August 21st, 1781. Sir, I take the liberty to inform you, that a sheriff's deputy is much wanted in this part of the county — and should you think proper to appoint one, would recommend Mr. William Joyce, of this town, as a man exceedingly well qualified to discharge the office. His integrity and other abilities, you have long since been acquainted with, no doubt much better than I am;— but should it be necessary, and my bond be sufficient, I am ready to give it, and am, sir, your humble servant, Asher Miller."— That in consequence of such application and request, the plaintiff took and received the bond on which, etc. without any respect or reference to said writing or deputa-

tion: That said Joyce thereupon served and acted as the plaintiff's deputy, within said county, for more than one year after the date of said bond, with the privity of said Miller, who employed him as such from time to time, within said term. The defendants, nor either of them, during all said time, and until the date of the plaintiff's writ, have never intimated or gave notice to the plaintiff, to recall or prevent said Joyce from serving in said office of sheriff's deputy, or that they would no longer be holden by said bonds, or answerable for said Joyce, according to the tenor thereof: And the defendants thereby, and by their own act and doings (of which they may not take advantage) have subjected the plaintiff and his estate, against his mind and will, and without his privity or consent, to become actually liable and answerable for many neglects and misfeasances of said Joyce, within the time aforesaid, while he served and acted as the plaintiff's deputy;— and especially the plaintiff hath been sued, and recoveries had against him, as sheriff, as aforesaid, by Silas Kelsey, of Killingsworth; Stephen Dudley, of New Haven, and others, for divers sums of money due to them on executions in their favor, delivered to said Joyce to execute, while he acted as deputy to the plaintiff, and which he suffered to expire in his hands, or so conducted therewith as to subject the plaintiff thereon; all amounting, with the costs, interest, and fees, to £75 12s. 7d. and the plaintiff hath actually been compelled to pay said sum out of his own estate; all for the negligence and unfaithfulness of said Joyce, in the execution of the office of deputy sheriff under the plaintiff. Of all which the defendants have had notice, but never have indemnified and saved harmless the plaintiff

from said demands, according to the condition and tenor of their bond, and the true intent and meaning thereof.

The defendants rejoined — That though true the said Miller did write the letter before recited, addressed to the plaintiff, yet the plaintiff, by former experience, being " better acquainted with the integrity and other abilities " of said Joyce, than said Miller was, did not think proper to give an unlimited deputation to the said Joyce, but in and by said writing, authorized and empowered him to hold and execute the office of deputy sheriff, for the term of six months, from the 24th day of August aforesaid, and no longer; and in consideration thereof, as well as of the letter aforesaid, the said Miller and said Joyce, on the 25th day of August aforesaid, made and executed the bond on which, etc: having special reference and respect to the deputation aforesaid, and to nothing else; and the deputation aforesaid was and is the only power and authority which the plaintiff ever gave to said William Joyce, of holding or executing the office of deputy sheriff, in and for the county of Hartford;— and the plaintiff hath not been harmed or damnified by reason of said William being deputed as aforesaid. And the rejoinder concluded, by traversing the plaintiff's having suffered for the defaults of said deputy, within said term of six months.

On demurrer to this rejoinder, judgment was for the defendants: For,

By the whole COURT. The condition of the bond did not provide for a deputation the sheriff might make or continue at pleasure; but it counted upon, and referred to a deputation he had then in fact made, which, as appears from the pleadings, was for a limited term of six months, and it could operate no longer; and the bond was to secure against de-

faults that might happen upon that deputation, which those in dispute did not, but were subsequent to the expiration of said term.